**John M. KUCHKA, Plaintiff,**

v.

**Willard H. KILE, Sr., George H. Gensemer, et al., Defendants.**

**Civ. No. 85–0436.**

United States District Court, M.D. Pa., Third Circuit Division.

Nov. 22, 1985.

Alan B. Epstein, Jablon, Epstein and Wolf, Philadelphia, Pa. James R. Ronca, Schmidt & Ronca, P.C., Harrisburg, Pa., for plaintiff.

Harvey Freedenberg, Francis B. Haas, Attys., Harrisburg, Pa., for Columbia County Indus. Dev. Auth. Gordon C. Boop, Thomas Kiniry, Clark Patterson, Maynard Johnson, Robert Beishline.

Robert Spielman, Smith, Eves, Keller & Harding, Bloomsburg, Pa., for Columbia County Indus. Dev. Auth., Paul E. Reichart, Boyd F. Buckingham, William M. Soberick, and Frederick M. Long.

Joseph Goldberg, Marcolis, Edelstein, Scherlis, Heaeme, Philadelphia, Pa., for Willard H. Kile, Sr., George Gensemer, Lucille Whitmire, Harry Faux, Gordon Boop, Thomas Kiniry, Clark Patterson, Maynard Johnson, Robert Beishline, Paul Reichert, Boyd F. Buckingham, Frederick Long, William Soberick, Columbia Co. Bd. of Comm. Columbia Co. Redevelopment and Housing Auth., Columbia Co. Ind. De Auth., and Columbia County.

Patrick E. Dougherty, Kingston, Pa., for defendants Paul E. Reichert, Boyd F. Buckingham, Frederick M. Long, William M. Soberick, & Columbia Co. Redevelopment & Housing Authority.

Walter S. Jenkins, Sweeney, Sheehan & Spencer, Philadelphia, Pa., for co-counsel for defendants Paul E. Reichert, Boyd F. Buckingham, Frederick M. Long, William M. Soberick, & Columbia County Redevelopment & Housing Authority.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Plaintiff commenced this action on April 2, 1985, pursuant to 28 U.S.C. §§ 1331, 1343 and the First Amendment via the Fourteenth Amendment of the United States Constitution. Plaintiff seeks recovery against defendants pursuant to 42 U.S.C. § 1983, § 1985(2), the First and Fourteenth Amendments of the Constitution and various state law theories. Plaintiff invokes the court's pendent jurisdiction over the state law claims. Venue is proper pursuant to 28 U.S.C. § 1391(b). In essence, plaintiff maintains that he was fired from his job as Solicitor for the Columbia County Redevelopment Authority ("CCRA") and the Columbia County Industrial Development Authority ("CCIDA") through the concerted efforts of the defendants. Plaintiff, an attorney, alleges that the reason underlying his dismissal was plaintiff's representation of Stephen Phillips in a case against the Columbia County Board of Commissioners ("CCBC"). Allegedly, Phillips brought suit against the CCBC charging malicious interference with Phillips' employment status as Executive Director of the CCIDA and the CCRA. Defendants filed a Motion to Dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6) on July 1, 1985.[1] Plaintiff filed an Opposing Brief on July 30, 1985. Defendants replied on August 12, 1985. By letter dated August 12, 1985, plaintiff advised the court that no response is forthcoming. The matter is now ripe for disposition. For the reasons set forth below, defendants' motion will be denied as to the Section 1983 claims; granted as to the Section 1985(2) claims; denied as to the Fourteenth Amendment claims; and granted in part/denied in part as to the pendent state law claims.

## FACTUAL BACKGROUND

In ruling upon a Motion to Dismiss for failure to state a claim upon which relief can be granted, all of the well-pleaded allegations of the complaint must be accepted as true. *See Banghart v. Sun Oil Co.*, 542 F.Supp. 451 (E.D.Pa.1982). Construing the

---

1. Defendants Kile, Gensemer, Whitmire, Faux, Boop, Kiniry, Patterson, Johnson, Beishline, Columbia County Board of Commissioners, Columbia County Industrial Development Authority and Columbia County joined in the Motion to Dismiss. Defendants Reichert, Buckingham, Soberick, Long and the Columbia County Redevelopment and Housing Authority are represented by separate counsel, *see* Document 19 of the Record, and did not join in the Motion to Dismiss.

allegations of the complaint in a light most favorable to the plaintiff in this case reveals the following:

Plaintiff is an attorney who acted as Solicitor for the CCRA and the CCIDA. In May of 1982, plaintiff agreed to represent Stephen Phillips, former Executive Director of the CCIDA and CCRA, in a Section 1983 suit against CCBC. At that time, the CCBC consisted of Defendants Kile, Gensemer and Whitmire. Defendant Faux was Chief Clerk for the CCBC. The complaint in that case was filed on June 11, 1982. A short time thereafter, the CCBC allegedly conspired to consolidate the Columbia County Housing Authority ("CCHA") with the CCRA in order to terminate plaintiff's employment as Solicitor of the CCRA. In January of 1983, the aforementioned consolidation occurred, thereby eliminating one-half of the board members of the two (2) authorities. In addition, the CCBC pressured Defendant Boop and other members of the CCIDA (Defendants Kiniry, Patterson, Johnson, Beishline) to terminate plaintiff's employment as Solicitor for the CCIDA. Meetings were held between the CCBC and CCIDA whereby plaintiff was finally terminated in April of 1983. On November 3, 1983, Phillips' case against the CCBC settled for one hundred twenty-five thousand dollars ($125,000.00). Thereafter, Defendant Kile resigned as County Commissioner and was appointed by Defendants Whitmire and Gensemer to the now consolidated CCRA and CCHA. Subsequently, the consolidated Board of the CCRA and the CCHA met at Defendant Buckingham's house and decided to terminate plaintiff's employment as Solicitor of the CCRA. Defendants Kile, Buckingham, Reichert, Soberick and Long were the only members of the Joint Boards of the CCRA and the CCHA. Therefore, plaintiff alleges that he was wrongfully terminated as Solicitor of the CCIDA and that the consolidation of the CCRA and the CCHA was engineered so that plaintiff's employment as Solicitor of the CCRA was terminated.

## DISCUSSION

■ In considering this Motion to Dismiss, plaintiff's claims should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claims which would entitle plaintiff to relief. *Banghart v. Sun Oil Co.,* *supra; see Redgrave v. Boston Symphony Orchestra, Inc.,* 557 F.Supp. 230 (D.Mass. 1983). Because plaintiff asserts several claims against defendants, each claim will be examined *seriatim* to determine if that claim should withstand this Motion to Dismiss.

### *I. Section 1983 Claims*

■ Defendants contend that plaintiff does not assert Section 1983 claims against the CCBC, the CCIDA and Columbia County. In essence, defendants maintain that plaintiff's complaint fails to allege the existence of a governmental policy, etc., as required by *Monell v. Department of Social Service,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Basically, *Monell* held that *respondeat superior* cannot be utilized to find local governing bodies liable under Section 1983. As the United States Supreme Court stated, "local governing bodies, therefore, can be sued under Section 1983 for monetary, declaratory or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers." *Id.* at 690, 98 S.Ct. at 2035. The Court further stated, "instead, it is when execution of a government's policy or custom, whether made by its lawmakers *or by those whose edicts or acts may fairly be said to represent official policy,* inflicts the injury that the government as an entity is responsible under Section 1983." *Id.* at 694, 98 S.Ct. at 2037 (emphasis added).

In the present case, plaintiff alleges that the governmental bodies themselves acted to deprive plaintiff of his constitutional rights. *See* Document 16 of the Record. Defendants, however, contend that the complaint fails to allege any policy or cus-

tom of the county or its agencies which was executed by refusing to retain plaintiff. The actions which plaintiff complains of were undertaken by the governing board of the CCIDA, the joint board of the CCRA/CCHA and the CCBC. Thus, plaintiff maintains that defendants themselves are the governing bodies of the county so that they may be held liable under Section 1983.

■ Plaintiff's allegations are sufficient to find that the individual County Commissioners and the individual members of the CCIDA and the joint CCRA/CCHA "may fairly be said to represent official policy" of the CCBC, the CCIDA and the County itself.[2] See Black v. Stephens, 662 F.2d 181, 191 (3d Cir.1981), cert. denied, 455 U.S. 1008, 102 S.Ct. 1646, 71 L.Ed.2d 876 (1982). Plaintiff alleges that the individual defendants, acting as members of the CCIDA and the CCBC, conspired to terminate his employment beginning sometime in May of 1982 until January of 1984. Clearly, a municipality may be held liable under Section 1983 for its employment related decisions. See Robb v. City of Philadelphia, 733 F.2d 286 (3d Cir.1984).

Generally, to find a municipality liable, "a plaintiff must identify the challenged policy, attribute it to the city itself, and show a causal link between execution of the policy and the injury suffered." Kranson v. Valley Crest Nursing Home, 755 F.2d 46, 51 (3d Cir.1985). For purposes of this Motion to Dismiss, plaintiff must identify the policy and attribute it to the CCIDA, the CCBC and the County itself. "A policy cannot ordinarily be inferred from a single instance of illegality such as a first arrest without probable cause." Losch v. Borough of Parkesburg, 736 F.2d 903, 911 (3d Cir.1984). In this case, however, plaintiff alleges repeated action by high level officials of the County designed to wrongfully terminate his employment. Thus, the actions can be construed as general policy of the CCIDA, the CCBC and the County itself. Compare Black v. Stephens, su-

pra, with Losch v. Borough of Parkesburg, supra. The court finds that plaintiff sufficiently alleges that the actions of the individual defendants were the actions of the authorities on whose boards they served and the County itself. See Black v. Stephens, supra (Chief of Police was final authority in charge of police; Police Chief wrote and implemented official police regulation; acting in this capacity the promulgation of the regulation was an official act of policy). In fact, in this case, the individual defendants are members of the boards of policy making branches of the County.

The court will not conclude that the CCIDA, the CCBC and the County itself cannot be held liable pursuant to Section 1983. See Robb v. City of Philadelphia, supra (Civil Rights action especially should not be dismissed at pleading stage unless it appears beyond a doubt that plaintiff cannot recover). In the case sub judice, if the individual defendants were acting in their official capacities pursuant to their interpretation of county policy, then liability on the part of the county and its agencies could exist. See Czurlanis v. Albanese, 721 F.2d 98 (3d Cir.1983); cf. DiMaggio v. O'Brien, 497 F.Supp. 870 (E.D.Pa.1980) (acts of one counsel member and one building inspector do not without more constitute official policy). In the present case, plaintiff alleges that all of the board members of the CCIDA and the CCBC participated in his termination.

■ Defendants claim that plaintiff fails to allege a property right in his continued employment so that no cause of action alleges under Section 1983 can be maintained. See Documents 11 and 17 of the Record. The court, however, finds that plaintiff sufficiently alleges a property right in this continued employment for purposes of this Motion to Dismiss. See Document 1 of the Record. "Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an

**2.** The court again notes that Defendant Columbia County Redevelopment and Housing Authority has not joined in this Motion to Dismiss. See supra n. 1 at 505.

independent source such as state law...." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).

While a public employee takes his job subject to the possibility of summary removal by the employing authority, *see Scott v. Philadelphia Parking Authority*, 402 Pa. 151, 166 A.2d 278 (1960), the factual record in this case has not developed to the stage where the court can conclude that a contract of employment did not exist. Plaintiff's claim of a property interest in his employment, if pursued, will be examined upon appropriate motion when an adequate record exists. *See Braderman v. Pennsylvania Housing Finance Agency*, 598 F.Supp. 834 (M.D.Pa.1984). The allegations in plaintiff's complaint are sufficient to withstand the present Motion to Dismiss.

Defendants contend that they cannot be held liable pursuant to Section 1983 because they were acting in their legislative capacity in accomplishing plaintiff's removal and, therefore, they are absolutely immune from suit. *See* Document 11 of the Record. Members of a municipal body *acting in a legislative capacity* are absolutely immune from damage suits under Section 1983. *See Aitchison v. Raffiani*, 708 F.2d 96 (3d Cir.1983). The question in this case is whether the individual defendants are entitled to share in this legislative immunity.

In *Aitchison*, the Third Circuit Court of Appeals found that a Mayor and Borough Attorney were entitled to such immunity when "their activities are legislative in character." *Id.* at 99. Managerial activities of members of local governments are not protected by any absolute immunity. *Id.* Although it may be termed *dicta*, the Third Circuit Court of Appeals recently stated that "the fact that the action complained of resulted from a vote of the members of the governing body is not dispositive, for in the exercise of non-legislative powers all corporate bodies require a vote of their governing bodies." *Abraham v. Pekarski*, 728 F.2d 167, 174 (3d Cir.1984), *cert. denied*, 467 U.S. 1242, 104 S.Ct. 3513, 82 L.Ed.2d 822 (1984).

Again, taking plaintiff's allegations as true, the court will not find that defendants' actions were performed solely in a legislative capacity. *See Detz v. Hoover*, 539 F.Supp. 532 (E.D.Pa.1982). As the court in *Detz* stated, "no bright line delineates a township's administrative actions from its legislative functions." *Id.* at 534. The court further stated that "a municipality's employment decisions, whether they regard hiring, firing or a failure to reinstate, are essentially *administrative* in nature, this notwithstanding the fact that a legislative body is the responsible decision maker." *Id. See Skrocki v. Caltabiano*, 568 F.Supp. 703 (E.D.Pa.1983).

Some courts find that an act that applies generally to the community is a legislative act, while an act directed at one or a few individuals is an executive act. *See Cinevision Corp. v. City of Burbank*, 745 F.2d 560 (9th Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 2115, 85 L.Ed.2d 480 (1985) *citing Rogin v. Bensalem Township*, 616 F.2d 680 (3d Cir.1980), *cert. denied*, 450 U.S. 1029, 101 S.Ct. 1737, 68 L.Ed.2d 223 (1981) (general statements of township policy are legislative acts; specific applications of policy to a particular plant owner are administrative acts). As in *Detz*, this case involves an employment decision involving one individual. The defendants' termination of plaintiff did not "involve the promulgation of general or prospective legislation" despite the policy implemented through their decision. *Coffey v. Quinn*, 578 F.Supp. 1464, 1467 (M.D.Ill.1983). *Accord Three Rivers Cablevision v. City of Pittsburgh*, 502 F.Supp. 1118 (W.D.Pa. 1980). Therefore, at most, defendants possess a qualified immunity. *Id.*

In this case, plaintiff pleads intent and malice on defendants' part so that a claim of good faith immunity is overcome for purposes of this Motion to Dismiss. Thus, defendant's Motion to Dismiss the Section 1983 claims will be denied.

## II. Section 1985(2) Claims

Plaintiff asserts a claim pursuant to 42 U.S.C. § 1985(2) contending that defend-

ants sought to injure plaintiff for the purpose of keeping him from future participation in the federal judicial process. Defendants maintain that § 1985(2) only protects "parties" or "witnesses" from conspiracies to deter participation in federal proceedings. Therefore, defendants state that plaintiff does not fall within the class of persons protected by § 1985(2).

■ The first part of § 1985(2) proscribes conspiracies to interfere with the administration of justice in federal courts. *Kush v. Rutledge*, 460 U.S. 719, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983); *Dooley v. Reiss*, 736 F.2d 1392 (9th Cir.1984), *cert. denied*, — U.S. —, 105 S.Ct. 518, 83 L.Ed.2d 407 (1984). The second part of § 1985(2) applies to conspiracies to obstruct the course of justice in state courts.[3] *Id.* In this case, plaintiff alleges that defendants sought to injure plaintiff for his participation in the federal case of *Phillips v. Kile, et al.*, Civil No. 82–0738, Middle District of Pennsylvania. Therefore, plaintiff seeks protection pursuant to the first part of § 1985(2).

■ The first part of § 1985(2) provides:

> (2) If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror ...;

42 U.S.C. § 1985(2). In *Chocallo v. Bureau of Hearings and Appeals*, 548 F.Supp. 1349 (E.D.Pa.1982), *aff'd without opinion*, 716 F.2d 889 (3d Cir.1983), *cert. denied*, 464 U.S. 983, 104 S.Ct. 426, 78 L.Ed.2d 360 (1983), the court recognized that the first clause of § 1985(2) is aimed at conspiracies to intimidate witnesses, parties and jurors in the performance of their duties in the United States courts. "This section does not provide judges *or others involved in the judicial process, who are not specified in the statute* with any protection." *Id.* at 1360 (emphasis added). A judge does not have standing under the statute to raise constitutional claims of litigants who appear before him. *Id.* Similarly, plaintiff cannot raise the constitutional claims of a party he represented in a prior civil case. *See Brawer v. Horowitz*, 535 F.2d 830 (3d Cir.1976) (first part of § 1985(2) concerns itself with conspiratorial conduct directly affecting parties, witnesses or grand or petit jurors). Therefore, plaintiff fails to state a claim under § 1985(2).

### III. First Amendment Claims

Plaintiff maintains that defendants violated his First Amendment rights as applied to the states through the Fourteenth Amendment. More specifically, plaintiff contends that he was terminated for filing suit on behalf of Stephen Phillips against certain defendants in this case.

■ Apparently, plaintiff asserts his First Amendment claim under the Fourteenth Amendment rather than § 1983. It may be that plaintiff can sue under the Fourteenth Amendment, via § 1331, without regard to the limitations imposed by § 1983. *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Defendants correctly maintain that this claim may be asserted under § 1983. As such, the Fourteenth Amendment claims would be superfluous. *See Flesch v. East-*

---

**3.** Plaintiff correctly points out that no allegation of racial or class-based discriminatory animus is required to assert a claim pursuant to the first part of § 1985(2). *Kush v. Rutledge, supra.*

The second part of § 1985(2) requires that the conspirators actions be motivated by an intent to deprive their victims of the equal protection of the laws. *Id.*

*ern Pennsylvania Psychiatric Institute,* 434 F.Supp. 963 (E.D.Pa.1977). Ordinarily, a constitutional question need not be reached when a statutory cause of action exists. *See Mahone v. Waddle,* 564 F.2d 1018 (3d Cir.1977), *cert. denied,* 438 U.S. 904, 98 S.Ct. 3122, 57 L.Ed.2d 1147 (1978). In other words, it may be "a redundant and wasteful use of judicial resources to permit the adjudication of both direct constitutional and § 1983 claims where the latter wholly subsumes the former." *Rogin v. Bensalem Township, supra,* at 686–87; *see Braderman v. Pennsylvania Housing Finance Agency, supra.* Plaintiff does not establish why his First Amendment claims cannot be brought pursuant to § 1983. On the other hand, there is a serious question whether a direct cause of action under the Fourteenth Amendment for damages against governmental entities exists. *See Flesch v. Eastern Pennsylvania Psychiatric Institute, supra.* In any event, plaintiff's substantive claim is sufficient to withstand the present Motion to Dismiss. While § 1983 may be the proper vehicle for vindication of these First Amendment rights, *see Alexander v. Polk,* 459 F.Supp. 883 (E.D.Pa.1978), the court will not dismiss the claims because they are asserted directly under the Fourteenth Amendment. The proper vehicle for asserting these rights can be determined at a later stage of litigation.

■ The court, *sua sponte,* must discuss the applicability of the Eleventh Amendment of the Constitution to plaintiff's claims. The immunity afforded by the Eleventh Amendment applies to claims directly asserted under the Fourteenth Amendment. *See Flesch v. Eastern Pennsylvania Psychiatric Institute, supra.* The question is whether the Eleventh Amendment applies to these defendants.

The bar of the Eleventh Amendment extends to states and state officials, "but does not extend to counties and similar municipal corporations." *Mt. Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977)(citations omitted).

The issue is whether defendants are treated as an "arm of the state," or as a municipal corporation or other political subdivision to which the Eleventh Amendment does not extend. *Id.* The answer depends, in part, upon the nature of the entity created by state law. *Id.*

■ In this case, defendants are the county itself, county agencies and individual members of those entities. "It has long been established that while county action is generally state action for purposes of the Fourteenth Amendment, a county defendant is not necessarily a state defendant for purposes of the Eleventh Amendment." *Ruman v. Commonwealth of Pennsylvania Department of Revenue,* 462 F.Supp. 1355, 1360 (M.D.Pa.1979), *aff'd,* 612 F.2d 574 (3d Cir.1979), *cert. denied,* 446 U.S. 964, 100 S.Ct. 2939, 64 L.Ed.2d 823 (1980) *citing Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). The Eleventh Amendment, however, may be applied to bar relief against county officials "in order to protect the state treasury from liability that would have had essentially the same practical consequences as a judgment against the State itself." *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 920 n. 34, 79 L.Ed.2d 67 (1984). In the present case, the court finds that the relief requested will not "run against the state." *Id.* Counties in Pennsylvania are purely political subdivisions of the Commonwealth. *See Ricketts v. Allegheny County,* 409 Pa. 300, 186 A.2d 249 (1962); Pa.Stat.Ann. tit. 16, § 202. The County Commissioners serve as elected officials and individual members of the CCIDA and CCRA apparently are not appointed by the state. *Cf. Degregorio v. O'Bannon,* 86 F.R.D. 109 (E.D.Pa.1980)(County Board of Assistance entitled to Eleventh Amendment immunity; Board members appointed by Governor; State Department of Public Welfare pays Board's administrative expenses). In this respect, this case is similar to *Mt. Healthy City School District Board of Education v. Doyle, supra,* where the court held that a school board was more like a county than like an arm of

the state. In this case, there is no indication that the requested relief will run against the state. Absent this "state connection", the Eleventh Amendment does not prohibit suit against defendants in federal court.

The First Amendment protects "the expression of ideas, even through activity." *Spence v. Washington*, 418 U.S. 405, 411, 94 S.Ct. 2727, 2780, 41 L.Ed.2d 842 (1974); *Mabey v. Reagan*, 537 F.2d 1036 (9th Cir. 1976). This protection extends to activities that are relatively passive or symbolic and to more active demonstrations. *Mabey v. Reagan, supra*, at 1046. Clearly, lawyers have First Amendment rights of free speech. *Hirschkop v. Snead*, 594 F.2d 356, 366 (4th Cir.1979). The leading Supreme Court case in the First Amendment area is *Pickering v. Board of Education*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968).

In *Trotman v. Board of Trustees*, 635 F.2d 216 (3d Cir.1980), *cert. denied*, 451 U.S. 986, 101 S.Ct. 2320, 68 L.Ed.2d 844 (1981), the Court of Appeals reviewed the three step process usually required in examining a public employee's claim of retaliation for engaging in protective activity. First, the plaintiff must show that the activity was protected. *See Pickering v. Board of Education, supra*. If successful in demonstrating that the activity was protected, the plaintiff must then show that the activity was a substantial or motivating factor in the decision or action taken against the claimant. *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Lastly, the defendant has the opportunity to defeat the plaintiff's claim by demonstrating that the same action would have been taken even in the absence of the protected conduct. *Givhan v. Western Line Consolidated School District*, 439 U.S. 410, 99 S.Ct. 693, 58 L.Ed.2d 619 (1979). Defendants claim that the first part of this three step test has not been met in that plaintiff has not demonstrated that his speech, *i.e.*, representing Phillips, was protected.

The First Amendment protects a government employee from discharge for speech upon matters of public concern unless under all the circumstances, the employee's interest in free comment is outweighed by the state's interest in the efficiency of its public services. *See Pickering v. Board of Education, supra*. Defendants first contend that plaintiff's speech involved matters only of personal interest and not matters of public concern. *See Connick v. Myers*, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). In determining if the speech is protected, the court must first determine whether the speech dealt with a matter of public concern. *Connick v. Myers, supra*. The speech in this case could involve a matter of public concern. *See Czurlanis v. Albanese, supra*. Whether an employee's speech addresses a matter of public concern must be determined by the "content, form and context of a given statement as revealed by the whole record." *Connick v. Myers, supra*, 461 U.S. at 147–48, 103 S.Ct. at 1690.

Plaintiff's representation of Stephen Phillips involved allegations that could implicate matters of public concern. Phillips was former Executive Director of CCIDA and CCRA and his § 1983 suit against the CCBC alleged intimidation by the commissioners against the CCIDA and the CCRA. *See* Complaint, Document 1 of the Record. As such, it may be that plaintiff sought to bring out actual or potential wrongdoing or breach of public trust by the county commissioners. *See Connick v. Myers, supra*, at 148, 103 S.Ct. at 1690. Although Phillips himself may have initiated suit for personal reasons as an aggrieved employee, plaintiff may have represented Phillips in order to insure that the commissioners were "discharging their governmental responsibilities." *See Czurlanis v. Albanese, supra*, at 104. Therefore, plaintiff's speech may be relevant to the public's evaluation of the performance of the county government. *See McKinley v. City of Eloy*, 705 F.2d 1110 (9th Cir. 1983). Taking all of plaintiff's allegations as true, *see Banghart v. Sun Oil Co., supra*, demonstrates that plaintiff may be

successful in establishing that his speech was of public concern.

Assuming the matter is of public concern, the court must still balance the employee's interest in free comment with the state's interest in the efficiency of its public services. *See Pickering v. Board of Education, supra.* In striking the balance between these interests, the court considers whether the speech impaired the employee's ability to perform his duties or disrupted working relationships requiring personal loyalty and confidence. *Id.* Defendants allege that plaintiff's employment relationship with the CCIDA and the CCRA was such that plaintiff's representation of a client in a suit against the CCBC was not entitled to protection by the First Amendment. *See Sprague v. Fitzpatrick,* 546 F.2d 560 (3d Cir.1976), *cert. denied,* 431 U.S. 937, 97 S.Ct. 2649, 53 L.Ed.2d 255 (1977).

Apparently, defendants maintain that plaintiff's representation of Phillips seriously undermined the employment relationship between plaintiff and the employing agencies. *See* Document 11 of the Record. On the other hand, plaintiff contends that his representation of Phillips did not impair his ability to perform his duties as Solicitor, nor did it disrupt his working relationship with the CCIDA or the CCRA. Taking the allegations in plaintiff's complaint as true, *see Banghart v. Sun Oil Co., supra,* it may be that plaintiff's interest in representing Phillips outweighed the interests of his employers. *See Connick v. Myers, supra.*

It may be that plaintiff's suit against the CCBC, while serving as Solicitor to the CCIDA and the CCRA created the appearance of impropriety. Clearly, however, the CCIDA and the CCRA are distinct entities apart from the CCBC. Defendants have not demonstrated that plaintiff's performance of his daily duties as Solicitor was impeded. *See Czurlanis v. Albanese, supra,* at 106–07. Similarly, defendants do not demonstrate that plaintiff's representation of Phillips interfered with the regular operation of the CCIDA or

CCRA. *Id.* Defendants do no more than generally allege that plaintiff's speech was improper, *i.e.,* that his representation of Phillips did not comport with acceptable standards. This allegation is insufficient to warrant dismissal of the First Amendment claims at this stage of litigation. Furthermore, evidence that a plaintiff's speech caused disruption in the employment setting is not dispositive when possible wrongdoing is brought to light. Plaintiff's representation of Phillips may have exposed matters of public concern such that any disruption of his working relationship with the county agencies failed to outweigh the public's interest. Defendants have not affirmatively shown that plaintiff's activity was not a motivating factor in their decision to terminate his employment, or that they would have terminated his employment in the absence of the protected conduct. *See supra* at 511. Accordingly, the First Amendment claims will not be dismissed.

### V. Pendent State Law Claims

Defendants contend that plaintiff's pendent state law claims must be dismissed. Clearly, plaintiff's claims under state law arise out of a common nucleus of operative fact with his federal claims. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Jurisdiction over the state law claims in this case advances judicial economy, convenience and fairness to the litigants. *Id; DiMaggio v. O'Brien, supra.* Defendants maintain that plaintiff's claims must fail pursuant to the Pennsylvania Municipalities Tort Claims Act ("PTCA"), Pa. Cons. Stat.Ann. tit. 42, § 8541 *et seq.* The Eleventh Amendment prohibition of suits by citizens against a state in federal court applies to pendent claims. *Pennhurst State School & Hospital v. Halderman, supra.* The court, however, has determined that the Eleventh Amendment does not apply to the defendants in this case. *See supra,* at 510–11. The court now considers the applicability of the PTCA to plaintiff's state law claims.

Section 8546(3) of the PTCA provides, in essence, that employees of local agencies may assert as a defense the fact that the employee acted within the policy making discretion granted to that employee. Furthermore, "all acts of members of the governing body of a local agency or of the chief executive officer thereof are deemed to be within the policy making discretion granted to such person by law." *Id.* Section 8550 of the PTCA, however, provides that this official immunity is waived when the employee causes damage by "a crime, actual fraud, actual malice or willful misconduct." *Paul v. John Wanamaker's, Inc.*, 593 F.Supp. 219 (E.D.Pa.1984).

Based on the allegations of the complaint, individual Defendants Kile, Gensemer, White, Faux, Boop, Kiniry, Patterson, Johnson and Beishline are not entitled to immunity pursuant to the PTCA. Section 8550 abrogates immunities held by agency officials for willful misconduct. Plaintiff sufficiently alleges willful, deliberate acts on the part of the individual defendants to eliminate any absolute immunity that they may claim by virtue of the PTCA.

■■■ The CCBC, the CCIDA and Columbia County, however, are immune from liability pursuant to the PTCA for the pendent state law claims. The PTCA establishes the general rule that "no local agency shall be liable for any damages ... caused by any Act of ... an employee therefrom." Pa.Cons.Stat.Ann. tit. 42, § 8541. Section 8542 provides eight (8) specific exceptions to this general rule. In order to impose liability on a local agency, plaintiff must, *inter alia*, establish that "the injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties.... Pa.Cons.Stat.Ann. tit. 42, § 8542(a)(2). "Negligent acts shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct." *Id.* In order to impose liabil-

ity on the local agency, the complained of conduct also must arise out of one (1) of eight (8) narrowly defined areas.

As defendants point out, the acts complained of in the Complaint do not arise out of any of the eight (8) areas required to abrogate municipal immunity under the PTCA.[4] Furthermore, the complained of conduct does not sound in negligence. *See Buskirk v. Seiple*, 560 F.Supp. 247 (E.D. Pa.1983).

Section 8550 abrogates only those immunities held by municipal employees and that section does not eliminate municipal immunity when willful misconduct is present. *Id.* at 252. Therefore, liability will not be imposed on a municipality under the PTCA despite the willful, tortious misconduct of the municipality's employees. Accordingly, plaintiff's state law claims against the CCBC, the CCIDA and Columbia County will be dismissed.

## CONCLUSION

Plaintiff's complaint sufficiently demonstrates, pursuant to *Monell v. Department of Social Service, supra,* that the termination of his employment as Solicitor was the execution of County policy made by those whose acts may fairly be said to represent official policy. The individual members of the CCBC and the CCIDA are not absolutely immune from liability under the doctrine of legislative immunity. The decision to terminate plaintiff's employment status does not constitute legislative action so as to invoke that doctrine. Finally, the allegations in plaintiff's complaint demonstrate that plaintiff may have had a property right in his continued employment.

Plaintiff's claims pursuant to § 1985(2) will be dismissed because as an attorney, plaintiff does not fall within the class of persons protected by that section. Plain-

---

**4.** Specifically, Pennsylvania permits damage recoveries against political subdivisions for negligent conduct arising out of automobile accidents, the care and custody of real property, dangerous conditions created by trees, traffic control and street lighting, utility service facilities, improper street and sidewalk maintenance and the care, custody and control of animals. Pa.Cons.Stat.Ann. tit. 42, § 8542(b)(1)–(8); *Buskirk v. Seiple,* 560 F.Supp. 247 (E.D.Pa.1983).

tiff's claims that his First Amendment rights were violated will not be dismissed. Plaintiff's representation of Phillips in a prior civil action may give rise to matters of public concern. Furthermore, the public interest in bringing to light improprieties in county government may outweigh any disruption in the employment relationship that plaintiff's representation may have caused.

The individual defendants are not immune from liability for plaintiff's pendent state law claims based on the PTCA. Plaintiff sufficiently alleges willful misconduct on the part of the individual defendants to abrogate any immunity that may be claimed under the PTCA. The CCBC, the CCIDA and Columbia County, however, are immune from suit pursuant to the PTCA. Plaintiff's claims do not allege negligence on the part of the county, its agencies or any of its employees. Furthermore, none of the acts complained of fit into one of the eight (8) narrowly defined areas as required by the PTCA. Accordingly, plaintiff's pendent state law claims against the CCBC, the CCIDA and Columbia County will be dismissed.

An appropriate Order will enter.

## ORDER

In accordance with the reasoning set forth in the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

(1) Defendants' Motion to Dismiss the § 1983 claims is denied.

(2) Defendants' Motion to Dismiss the § 1985(2) claims is granted.

(3) Defendants' Motion to Dismiss the First Amendment claims is denied.

(4) The individual Defendant's Motion to Dismiss the pendent state law claims is denied.

(5) The Columbia County Board of Commissioners', the Columbia County Industrial Development Authority's and Columbia County's Motion to Dismiss the pendent state law claims is granted.