835 F.2d 486
 56 USLW 2366
 DONIVAN, William C. and Donivan, Kay E., his wife; Gohn,
Bradley J. and Gohn, Kristine, his wife; Adams,
Kenneth L. and Adams, Shirley M., his
wife; Trout, Richard K. and
Trout, Kenalee, his wife,
v.
DALLASTOWN BOROUGH; McKenzie, Vernon; Ferree, Lloyd;
Chronister, Robert; Marshall, Ruth; and Henry
Franklin, all individually and as
elected officials, Appellants.
 No. 87-5409.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6)
 Dec. 1, 1987.
Decided Dec. 15, 1987.
 
 William J. Flannery, Vincent Candiello, Audrey F. Miner, Harrisburg, Pa., Francis M. Milone, Philadelphia, Pa., for appellants.
 Donald L. Reihart, Laucks & Monroe, York, Pa., for appellees.
 Before WEIS, HIGGINBOTHAM, and MANSMANN, Circuit Judges.
 OPINION OF THE COURT
 MANSMANN, Circuit Judge.
 
 
 1
 This is an appeal from an order of the district court denying a motion for reconsideration of a previous order which refused to grant summary judgment on behalf of the defendants, Dallastown Borough Council and its individual members, based upon the defense of absolute legislative immunity. We will affirm the district court's order, agreeing that the abolishment of the local police force, accomplished by vote rather than by enactment of an ordinance, was not a proper exercise of council's legislative powers entitling its members to immunity from suit for damages brought pursuant to 42 U.S.C. Sec. 1983 (1982) by the plaintiffs, members of the Dallastown police force and their wives.
 
 I.
 
 2
 Following heated labor negotiations between council members and police officers, on December 9, 1985, the Borough Council formally voted to abolish the Dallastown Police Department. A contract with a neighboring community was negotiated to provide police protection for the community, necessarily resulting in the employment termination of the present police officers.
 
 
 3
 The police officers commenced suit against the Borough, the former mayor, and the members of the Borough Council seeking damages based upon various state law claims and federal civil rights violations as theories for recovery. The complaint was initially filed in the Court of Common Pleas of York County, but was removed to the U.S. District Court for the Middle District of Pennsylvania. After motions to dismiss and requests for summary judgment were decided, what remained for consideration were the state law claims alleging a civil conspiracy as to the individual council members and the federal claims under Sec. 1983 against the Borough and its members.[1] The Borough and the council members moved for summary judgment, asserting legislative immunity.
 
 
 4
 The district court denied the council members' motion for summary judgment, holding that the failure to pass an ordinance to effectuate the disbanding of the police force precluded characterizing their action as legislative, thus refusing them the protection of legislative immunity. A motion for reconsideration was likewise denied. This appeal followed.
 
 II.
 
 5
 When a district court rejects a motion to alter or amend a judgment,[2] our standard of review is whether the district court abused its discretion. The district court's exercise of discretion, however, must be within the limits of the law, and if the decision denying the motion is based on legal error, our review of the matter is plenary. Adams v. Gould, Inc., 739 F.2d 858 (3d Cir.1984).
 
 
 6
 This appeal presents a purely legal question concerning the scope of the immunity doctrine as it applies to certain legislative activity,[3] namely, whether legislative immunity is implicated by adherence to legislative procedures, regardless of the character of the action taken.
 
 III.
 
 7
 In Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019, reh'g denied, 342 U.S. 843, 72 S.Ct. 20, 96 L.Ed. 637 (1951), the Supreme Court declared that individual legislators acting in their traditional legislative activity are absolutely immune from a suit for damages under 42 U.S.C. Secs. 1983 and 1985. This grant of immunity was extended to regional legislators in Lake County Estates, Inc. v. Tahoe Regional Planning Agency, 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979), with the proviso that the immunity attaches to these officials only when functioning in a comparable capacity to that of members of the state legislature. Id. at 406, 99 S.Ct. at 1179. Our decision in Aitchison v. Raffiani, 708 F.2d 96 (3d Cir.1983), extended absolute immunity to individuals acting in a legislative capacity at a purely local level, an issue expressly left open in Lake County.
 
 
 8
 Since not all activity by council members is "legislative," the focus of this appeal is the mode in which the Dallastown council members allegedly exercised legislative authority, i.e., whether the abolition of the police force by vote, rather than through enactment of an ordinance, represented activity within a legislative capacity allowing the immunity to attach.
 
 
 9
 Dallastown Borough, situated in Pennsylvania, operates under the Pennsylvania Borough Code, which describes a borough's legislative powers as follows:
 
 
 10
 The legislative powers of boroughs ... shall be exercised by or be based on an ordinance. All other powers shall be exercised by vote of the majority of council present at the meeting unless otherwise provided ... 53 Pa.S.A. Sec. 46006(3) (1966 & Supp.1987).
 
 
 11
 The ordinance procedure requires publication of the text of the proposed ordinance with advertisement at least seven (7) days prior to its adoption by the council. In addition, the matter must be presented to the mayor for approval. If the mayor vetoes the ordinance, a two-thirds vote of council is necessary for enactment. 53 Pa.S.A. Secs. 46006(1)-(4), 46007. A borough's establishment of a police department is authorized by 53 Pa.S.A. Sec. 46121, which dictates that the creation of the force be accomplished by enactment of an ordinance.
 
 
 12
 The council members argue that if the municipality has the power to create the police force, it also has the power to abolish the same. They claim that regardless of how the abolishment was effected, they possessed the authority to accomplish it, and that any decision in this matter is necessarily undertaken in a legislative capacity, notwithstanding procedural irregularities. Accordingly, failure to enact an ordinance was, at most, a procedural error not so divergent as to divest the members of legislative immunity. To hold otherwise would be to exalt form over substance.
 
 
 13
 The council members posit the fundamental distinction between a borough's actions of a legislative character and those of a proprietary or managerial character, citing Almy v. Borough of Wilkinsburg, 53 Pa.Comm. 46, 49-50, 416 A.2d 638, 640 (1980). In Almy, the Pennsylvania Commonwealth Court differentiated between the two as follows: an act which applies generally to the community is a legislative matter where an act directed at one or a few individuals is an executive act. See Kuchka v. Kile, 634 F.Supp. 502 (M.D.Pa.1985). The council members argue that under this standard, disbanding the police force was a policy decision permanently affecting the entire community and representing a legislative act for which they are entitled to immunity.
 
 
 14
 The police officers contend that our decision in Abraham v. Pekarski, 728 F.2d 167 (3d Cir.1984), controls the question of legislative immunity. In Abraham we held:
 
 
 15
 In Pennsylvania, as in most states, municipal corporations are given by legislation a combination of proprietary, managerial, and legislative powers. It is only with respect to the legislative powers delegated to them by the state legislatures that the members of the governing boards of municipal corporations enjoy legislative immunity.... Moreover, since municipal corporations have been delegated legislative authority only within strictly defined statutory limits, they can only act legislatively when following the statutory procedures specified for such action. See Philadelphia Presbytery Homes, Inc. v. Board of Comm'rs, 440 Pa. 299, 306-09, 269 A.2d 871, 874-75 (1970). The fact that the action complained of resulted from a vote of the members of the governing body is not dispositive, for in the exercise of non-legislative powers all corporate bodies require a vote of their governing bodies.
 
 
 16
 Id. at 174. Citing this language, the officers conclude that the borough's failure to follow the mandated ordinance procedure was fatal to the claim to legislative immunity.
 
 
 17
 The officers also cite the facts, as pled in their complaint, regarding the personal animosity between the parties as indicative that the abolishment of the police force was not accomplished within the sphere of legislative activity.
 
 
 18
 In its original denial of summary judgment, the district court, relying upon In Re Appeal from Ordinance No. 384 of the Borough of Dale, 33 Pa.Comm. 430, 382 A.2d 145 (1978), found that an ordinance is necessary to effectuate the dissolution of the force, and then concluded that the failure to enact the same removed the matter from within the sphere of legislative activity. Since the council only voted on a motion to disband, the district court held that this method was invalid to perfect a legislative act. The absence of a legislative act predetermined legislative immunity, and, thus, summary judgment was denied.
 
 
 19
 On the motion for reconsideration council members argued that the district court had erroneously relied on the proposition that the failure to follow procedural requirements precluded the council from acting legislatively. The court rebutted the appellants' contention that an action impacting on the community as a whole is legislative in character, by noting that such a construction would permit council to transact all its business by vote and avoid compliance with the Borough Code. Finding this to be an unacceptable result, the court restated its position that the municipality must enact an ordinance in order to be considered as functioning in a capacity which would confer legislative immunity.
 
 
 20
 We agree with the district court's finding that the passing of an ordinance was necessary to cloak the council members with the protection of legislative immunity. While we might question whether In Re Ordinance No. 384 expressly holds that an ordinance is necessary to accomplish abolishment or whether it merely stands for the proposition that the borough may disband by ordinance, we need not address this as we find support for our decision within the language of the Borough Code itself.
 
 
 21
 We have previously referred to Sec. 46006(3) delineating the duties of borough councils as follows: "The legislative powers of boroughs ... shall be exercised by or be based on ordinance." Likewise we have described case law which clearly outlines that in order for immunity to attach, the action must be legislative in nature. See Abraham, supra. In consideration of these authorities, the result is simply stated: legislative powers require enactment of an ordinance; if an act is accomplished by means other than an ordinance, it is not an exercise of legislative activity. Therefore, the doctrine of absolute immunity does not attach.
 
 
 22
 We dispute the council members' argument that this decision represents a form-over-substance conclusion. The ordinance procedure exists for a purpose. The publication requirement gives notice to the community of impending legislative activity and, where, as here, the community will certainly be affected by the council's actions, the rationale for publication is an important consideration. The council members themselves have encouraged us to consider that their abolishment of the police force impacted the community in a permanent nature. This is one of the best reasons for requiring passage by an ordinance and for the withholding of legislative immunity if the proper procedures are not followed.
 
 
 23
 Another aspect of the ordinance procedure requiring comment is the veto right by the mayor. Voting to abolish the police force bypassed this requirement, thereby over-stepping the local scheme of "checks and balances." This activity represents a further departure from the sphere of legitimate legislative activity by the council members.
 
 
 24
 Accordingly, we will affirm the district court's denial of summary judgment based upon the lack of legislative immunity of the council members.
 
 
 
 [1]
 An amended complaint was later filed, asserting additional Sec. 1983 violations of constitutional rights in collective bargaining, arbitration and entitlement to pension benefits. The plaintiffs requested summary judgment on all of these claims which motion, to date, remains undisposed of and is not involved in this appeal
 
 
 [2]
 Our scope of review of the council members' motion for reconsideration of the denial of legislative immunity is equivalent to a review of a Fed.R.Civ.P. 59(e), motion to alter or amend a judgment. Although Rule 59 does not explicitly mention motions for reconsideration, we have previously held that for purposes of Fed.R.App.P. 4(a), concerning appeals of civil cases as a right, a motion for reconsideration qualifies as a motion under 59(e). First Jersey National Bank v. Dome Petroleum, Ltd., 723 F.2d 335 (3d Cir.1983)
 
 
 [3]
 Our jurisdiction to entertain this appeal is outlined in Forsyth v. Kleindienst, 729 F.2d 267, 271 (3d Cir.1984):
 The denial of a claim of absolute immunity is an interlocutory order appealable under the collateral order doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).