**IN THE UNITED STATES
DISTRICT COURT**

**FOR THE EASTERN DISTRICT
OF PENNSYLVANIA**

UNITED STATES OF AMERICA

v.

ATLAS MINERALS AND
CHEMICALS, INC.,

*et al.*

v.

R. EMORY MABRY, *et al.*

Civil Action

No. 91–5118

***ORDER***

v.

CITY OF CHESTER, Chester–Upland School District, Chester–Upland Board of School Directors and City of Chester Police Department.

No. 93–CV–5891.

United States District Court,
E.D. Pennsylvania.

April 19, 1994.

Anthony F. List, List & List, P.C., Media, PA, for plaintiffs.

Phillip B. Silverman, Philadelphia, PA, for Chester–Upland School Dist. and Bd. of School Directors.

Paula F. Tripodi, Holsten & White, Media, PA, for City of Chester, Chester Police Dept.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This matter concerns a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure filed by defendants City of Chester and City of Chester Police Department. Plaintiffs, John P. Smith and Patricia N. Smith, initiated this action seeking damages when their daughter was killed and son was injured as they were crossing the street on their way home from school. Plaintiffs have filed a five count complaint against defendants seeking damages for negligence as well as punitive damages for willful and wanton misconduct.

The accident occurred at the intersection of Route 320 and the 1700 block of Providence Road in Chester, Pennsylvania. On the day of the accident, the school crossing guard failed to report for duty. Plaintiffs claim that the crossing guard frequently failed to report to duty, and further, that defendants were aware of this fact.

Defendants claim that they are immune from suit for negligence under the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541 *et seq.* ("the Act"), that as local agencies, they are entitled to immunity from suit for willful and wanton misconduct under the Act, and that the conduct of Gordon Scott Moore, the driver of the car involved in the accident and Thomas Brown, the owner of the car involved in the accident, constituted superseding and intervening causes.

In response, plaintiffs claim that defendants are not immune under the Act because they fall within 42 Pa.C.S.A. § 8542(b)(4), which is the "trees, traffic controls, and street lighting" exception to immunity under the Act, that the motion for summary judgment is premature, and that the City of Chester and Chester Police Department are liable under statutory and common law.

### A. Standard

In considering a motion for summary judgment, the court must consider whether the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact, and whether the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). The court is required to determine whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202

(1986). In making this determination, all reasonable inferences must be drawn in favor of the nonmoving party. *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2512. While the movant bears the initial burden of demonstrating an absence of genuine issues of material fact, the nonmovant must then establish the existence of each element of its case. *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.*, 909 F.2d 1524, 1531 (3rd Cir.1990), *cert. denied*, 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)).

*B. Discussion*

### 1. *Immunity for claims of negligence under the Act*

In order to state a cause of action against a local agency, a plaintiff must allege conduct that falls within one of the enumerated exceptions to governmental immunity set forth in the Act.[1] The exception under which plaintiffs seek to recover from defendants, section 8542(b)(4), abrogates immunity if plaintiff proves:

> [a] dangerous condition of trees, traffic signs, lights or other traffic controls, street lights or street lighting systems under the care, custody or control of the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

42 Pa.C.S.A. § 8542(b)(4).

Defendants claim that, under § 8542(b)(4), the crossing guard was not a "traffic control" and was not under their "care, custody or control." We need not decide whether the crossing guard was under the "care, custody, or control" of the City of Chester or Chester Police Department because a school crossing guard is not a "traffic control" within the meaning of the Act. In our decision of January 5, 1994, we thoroughly considered this issue. In interpreting the Act, we considered the words themselves, sections of the Vehicle Code, Pennsylvania courts' interpretation of the Act, the reasoning of the only Pennsylvania court to consider the precise issue, and accepted rules of statutory construction. After careful consideration of all of the above, we decided that crossing guards are not "traffic controls" within the meaning of the Act.

Plaintiffs, in opposing defendants' motion for summary judgment, incorporated arguments made in their motion for reconsideration of our previous decision regarding the same issue. Thus, in addressing the merits of defendants' motion for summary judgment, we consider the arguments made by plaintiffs in their motion for reconsideration.

Plaintiffs argue that our reliance on *Erney v. Wunsch*, 35 D. & C.3d 440 (1983), a Pennsylvania Common Pleas Court decision, was in error because of its slight precedential value and faulty reasoning. In their reply memorandum to defendants' answer to plaintiffs' motion for reconsideration, plaintiffs state that "[t]his Honorable Court chose to adopt the *Erney* Court decision in its entirety" and that "[t]his Court's Opinion and Memorandum ... adopted not only the *Erney* Court's conclusion but its reasoning and rationale leading to the same." We by no means adopted *Erney*, nor do we accept *Erney* as controlling precedent. In fact we recognized the precedential value of *Erney* and expanded our consideration of the issue beyond *Erney*. As a federal court sitting in diversity, we predicted how the issue would be decided if the Pennsylvania Supreme Court was confronted with it. *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 378 (3d Cir.1990). Plaintiffs cite no authority for their proposition that the court in *Erney* somehow interpreted the Act incorrectly. Even if we accept that a court is under some duty to look to other statutes when interpreting a specific statute, we are faced with the same conclusion: that the Pennsylvania Legislature did not draft § 8542(b)(4) to include people (including crossing guards) as "traffic controls."

---

1. There is no issue with respect to the applicability of section 8541 to defendants in this case.

■ Plaintiffs direct us to the Pennsylvania Vehicle Code, "the field in which questions regarding traffic are answered." Section 102 of the Pennsylvania Motor Vehicle Code defines the term "traffic control signal" as "a device, whether manually, electrically, or mechanically operated, by which traffic is alternatively directed to stop and permitted to proceed." Surely, a person employed as a crossing guard is not a "device." Also, a crossing guard is not operated manually, electrically, or mechanically; in fact a crossing guard is not "operated" at all.

Section 102 defines "official traffic-control devices" as "signs, signals, markings and devices, not inconsistent with this title placed or erected by authority of a public body or official having jurisdiction, for the purpose of regulating, warning or guiding traffic." A person employed as a crossing guard is not a sign, a signal, a marking, or a device; and he or she is not placed or erected at an intersection like a stop sign or traffic light.

Further, section 3111 of the Motor Vehicle Code makes it even clearer that a crossing guard is not a "traffic control device." That section provides that "[u]nless otherwise directed by a uniformed police officer [or any appropriately attired person authorized to direct, control, or regulate traffic], the driver of any vehicle shall obey the instructions of any applicable official traffic control device . . ." The legislature distinguishes between crossing guards, who are appropriately attired persons authorized to direct traffic, and traffic control devices. Section 3111 directs drivers to obey traffic control devices unless a police officer or crossing guard directs them otherwise. It does not direct drivers to obey inanimate traffic control devices unless an animate traffic control device directs them otherwise.

Thus, the guidance of the Pennsylvania Motor Vehicle Code, which we cited in our previous decision, makes it abundantly clear that a person employed as a crossing guard is not a "traffic control" within the meaning of § 8542. We will not repeat our analysis in our decision of January 5, 1994; but for the same reasons, the City of Chester and Chester Police Department are immune from suit under § 8541.

### 2. *Willful and wanton misconduct*

■ Plaintiffs seek to recover punitive damages from defendants in the amount of fifty million dollars for their alleged willful and wanton misconduct which arose by virtue of their negligence and lack of due care under the circumstances. However, defendants are immune for several reasons. While section 8550 of the Act abrogates immunity of individual employees for their willful and wanton acts, it does not abrogate the immunity provided to the local agency. *Barnes v. City of Coatesville*, No. Civ. 93–1444, 1993 WL 259329, at 6 (E.D.Pa. June 30, 1993); *Buskirk v. Seiple*, 560 F.Supp. 247, 252 (E.D.Pa.1983); *Kuchka v. Kile*, 634 F.Supp. 502, 513 (M.D.Pa.1985); *Marko v. City of Philadelphia*, 133 Pa.Cmwlth. 574, 576 A.2d 1193, 1194 (1990) (stating not only is city immune for willful misconduct by its employees, but punitive damages are not recoverable against the city under section 8553(c) of the Act.) Moreover, section 8542 designates when the exceptions to an agency's immunity apply, and it clearly exempts liability for "acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct" from this section. 42 Pa. C.S.A. § 8542(a)(2). As such, plaintiffs cannot recover damages from defendants' alleged willful and wanton conduct.

### C. *Conclusion*

In sum, we hold that the crossing guard does not come within the exception to governmental immunity relating to dangerous conditions of traffic controls under 42 Pa. C.S.A. § 8542(b)(4). As no other exception appears applicable, defendants have immunity from plaintiffs' claims for negligence. Likewise, defendants are also immune under the Act for any alleged willful and wanton acts caused by them. As such, we must grant defendants' motion for summary judgment.