**Horace V. CURRY, Plaintiff-Appellee,**

v.

**Fred GILLETTE et al., Defendants-Appellants.**

**No. 71–1886.**

United States Court of Appeals, Sixth Circuit.

June 14, 1972.

W. Scott Trundle, Kingsport, Tenn., Ernest F. Smith and Hunter, Smith, Davis, Norris, Waddey & Treadway, Kingsport, Tenn., on brief; W. E. Weber, Jr., Kingsport, Tenn., of counsel, for defendants-appellants.

John S. McLellan, Kingsport, Tenn., Lynn M. Lauderback, Kingsport, Tenn., on brief, for plaintiff-appellee.

Eugene N. Collins and Randall L. Nelson, Chattanooga, Tenn., amici curiae.

Before PECK and McCREE, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

This civil rights action was instituted under the provisions of 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981, 1983 and 1985. Plaintiff sought and recovered damages in the District Court, but was denied injunctive relief. Defendants-appellants perfected this appeal from such allowance of damages. The parties will herein be referred to as they were in the trial court.

Plaintiff, a Negro, operated a funeral home and ambulance service in Kingsport, Tennessee, and the defendants are the City Manager and the Board of Mayor and Alderman of that municipality. Plaintiff alleged that he was a victim of discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment in that special favors and monetary aid had been afforded a white operator of an ambulance service.

The City of Kingsport determined that for 1969 and future years it would need a minimum of six ambulances to service its 35,000 residents. Plaintiff

operated two such ambulances, and in February 1969 the white operator above referred to, doing business as the Metro Ambulance Service, was certified to operate four ambulances. However, when Metro experienced problems the City agreed to allow it to use the fire hall rent free, provided advertising for Metro's service in the Kingsport newspapers, and subsequently agreed to grant a $400 per month subsidy to keep Metro in business. An application by plaintiff for a similar subsidy was denied. This suit followed, and the District Court found that defendants discriminated against plaintiff (1) by authorizing the white operator to use a city owned fire hall for his operation without cost to him, (2) by encouraging members of the public to use the white operator's ambulance service without affording similar assistance to plaintiff, and (3) by making subsidy payments to the white operator but not to plaintiff. It is initially observed, however, that the judgment is without record support as it pertains to the defendant Elery Lay, and on the remand hereinafter ordered the District Court is directed to enter judgment in favor of said defendant.

While the District Court made no finding in specific terms on the point, taking into account the record evidence of the fact that plaintiff was president of the local chapter of the National Association for the Advancement of Colored People and had been a leader in efforts to desegregate the Kingsport schools and housing, we construe the allowance of punitive damages as tantamount to a finding of racial motivation at least on the part of the defendant City Manager Charles K. Marsh. The defenses of good faith action and qualified immunity interposed by the remaining defendants are not available to Marsh, and since we conclude the District Judge's findings of fact not to be clearly erroneous, the judgment as to him will be affirmed. However, a determination that the remaining defendants acted in good faith in the premises could provide a defense under the doctrine of qualified governmental immunity. Pierson v. Ray, 386 U.S. 547, 557, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951); Nelson v. Knox, 256 F.2d 312 (6th Cir. 1958), modified. On remand, the District Court is instructed to make specific findings of fact and conclusions of law as to this issue in compliance with Rule 52(a), Federal Rules of Civil Procedure.

Affirmed in part and reversed in part, and remanded for further proceedings not inconsistent herewith.