Melvin E. DETZ

v.

Herbert E. HOOVER, individually and as Township Supervisor of Mount Joy Township, Lancaster County, Pennsylvania and Glenn L. Kaylor, individually and as Township Supervisor of Mount Joy Township, Lancaster County, Pennsylvania.

Civ. A. No. 82–0905.

United States District Court,
E. D. Pennsylvania.

May 20, 1982.

D. Patrick Zimmerman, Lancaster, Pa., for plaintiff.

William E. Haggerty, Lancaster, Pa., for defendant.

## MEMORANDUM

TROUTMAN, District Judge.

Sometime in 1980, plaintiff, Melvin Detz, the Police Chief of Mount Joy Township, Lancaster County, Pennsylvania, filed a bankruptcy petition. In mid-March 1981, plaintiff resigned his position after unspecified charges were leveled against him by the police chief of a neighboring borough. One month later plaintiff sought to withdraw his letter of resignation and asserted that it was conditioned upon the potential veracity of the charges; if the charges against him were dismissed, he assumed that he would be reinstated. In May 1981, charges against plaintiff were, in fact, dropped and plaintiff sought reinstatement. One month later a Mount Joy Township supervisor moved to reinstate plaintiff as police chief; defendants, Township supervisors Herbert Hoover and Glenn Kaylor[1], did not second the motion. Plaintiff alleges that the failure to second was based upon an impermissible motive: defendants discriminated against him because he had filed for bankruptcy. 11 U.S.C. § 525. Redress is sought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 and pendent state claims. We assume the veracity of these allegations in deciding defendants' motion to dismiss. *Walker Processing Equipment Co. v. Food Machinery & Chemical Corp.*, 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965).

Defendants rely upon *Lake Country Estate, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979) and its progeny and assert that their refusal to reinstate plaintiff was a legislative act which cannot form the predicate of a § 1983 action since such activity is cloaked with absolute legislative immunity. Plaintiff, countering, argues initially that *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), established the proposition that township supervisors are not entitled to good faith immunity from a § 1983 suit. Alternatively, plaintiff urges that *if* any immunity exists, the failure to reinstate plaintiff amounts to a non-immune administrative, and not an immune legislative, act.

*Lake Country Estates, Inc.* held that members of an interstate planning commission, a creature of a bi-state compact authorized to adopt land-use recommendations, were personally immune from federal civil rights actions for their legislative choices. The Court specifically left open the question of whether such absolute personal immunity devolves to "individuals performing legislative functions at the purely local level, as opposed to the regional level." *Id.* 440 U.S. at 404, n. 26, 99 S.Ct. at 1178, n. 26. Although a court within this district has refused to extend *Lake Country Estates, Inc.* to local officials, *Riccobono v. Whitpain Township*, 497 F.Supp. 1364, 1376 (E.D.Pa. 1980), three Courts of Appeals have done so; their reasoning is persuasive.

*Gorman Towers, Inc. v. Bogolslavsky*, 626 F.2d 607, 613 (8th Cir. 1980) held that local lawmakers, as individuals, are absolutely immune from suit by an aggrieved landowner who complains that a zoning ordinance unconstitutionally deprives him of property rights. Shortly after *Gorman Towers, Inc.* was decided, the Fourth Circuit had occasion to address the issue of whether legislators of a political subdivision are personally immune from a § 1983 suit for legislative conduct. *Bruce v. Riddle*, 631 F.2d 272 (4th Cir. 1980). Reasoning by way of analogy and considering a number of cases which discussed various immunities of public officials, the court held that municipal officials were personally immune from suit for passage of an allegedly unconstitutional zoning ordinance. *Id.* at 279. Finally, *Hernandez v. City of Lafayette*, 643 F.2d 1188, 1193 (5th Cir. 1981), also held, in the context of a challenge to a zoning ordinance, that local legislators are entitled to absolute personal immunity from

---

1. Plaintiff's complaint names each of these defendants "individually and as Township Supervisor of Mount Joy Township, Lancaster County, Pennsylvania.

federal civil rights damage claims for their legislative conduct. *See also Groff v. Eckman*, 525 F.Supp. 375 (E.D.Pa.1981) (personal immunity for township supervisors charged with helping to enact an allegedly unconstitutional zoning ordinances).

Plaintiff argues, however, that defendants' failure to reinstate him was a non-immune *administrative* act and not an immune legislative act. Hence, he asseverates that the immunity which protects local legislators is not directly implicated. We agree.

■ No bright line delineates a township's administrative actions from its legislative functions. For example, zoning and land-use control, although generally considered legislative functions, are viewed as administrative acts for specified purposes. *Gorman Towers, Inc. v. Bogolslavsky*, 626 F.2d at 611, n. 5. Hence, whether defendants' failure to rehire plaintiff was an administrative or a legislative function does not admit to facile resolution. However, we believe that a municipality's employment decisions, whether they regard hiring, firing or a failure to reinstate, are essentially *administrative* in nature, this notwithstanding the fact that a legislative body is the responsible decisionmaker. *Gorman Towers, Inc. v. Bogolslavsky*, 626 F.2d at 613, n. 7.

■ Municipal decisionmakers, passing on administrative questions, possess qualified, good faith, not absolute immunity. *Williams v. Anderson*, 562 F.2d 1081, 1101 (8th Cir. 1977) (qualified immunity for school board members and superintendent); *Jones v. Diamond*, 519 F.2d 1090, 1101 (5th Cir. 1975) (qualified immunity for county supervisors personally sued for prison conditions); *Curry v. Gillette*, 461 F.2d 1003, 1005 (6th Cir. 1972) *cert. denied sub nom., Marsh v. Curry*, 409 U.S. 1042, 93 S.Ct. 529, 34 L.Ed.2d 492 (1973) (qualified governmental immunity for alderman). We accordingly conclude that defendants Hoover and Kaylor possess good faith immunity; an insufficient basis upon which to dismiss the com-

plaint. Only absolute immunity would permit dismissal of the complaint at this stage. *Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980) (complaint need not allege bad faith; qualified immunity must be pleaded by defendant.) Assertion of good faith immunity normally awaits resolution at trial. *Williams v. Anderson*, 562 F.2d at 1101, n. 33; *Shoemaker v. Allender*, 520 F.Supp. 266, 270 (E.D.Pa.1981). However, claims of good faith immunity can, in some cases, be resolved upon motion for summary judgment. *See United States v. Kruvczuk*, No. 77–3685 (E.D.Pa. April 6, 1982), slip op. at 5. In any case, plaintiff alleges that defendants acted "intentionally and maliciously"[2], which, at this stage, overcomes any claim of good faith immunity.

■ In denying defendants' motion to dismiss we note that the federal claim for relief is predicated upon an impermissible reason: failure to reinstate an alleged violation of 11 U.S.C. § 525, i.e., discrimination by a governmental entity against a person who has sought protection under the bankruptcy act. As the Supreme Court noted, bankruptcy affords debtors a "new opportunity in life and a clear field for future effort". *Perez v. Campbell*, 402 U.S. 637, 648, 91 S.Ct. 1704, 1710, 29 L.Ed.2d 233 (1971), quoting *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934). However, in deciding whether to hire a police officer, local governments may properly consider, as a factor, the fact that the applicant has been unable to manage his financial affairs. *Marshall v. District of Columbia Government*, 559 F.2d 726, 729–30 (D.C.Cir.1977) (police officers are frequent targets of bribery attempts; local governments may properly attempt to insulate police departments from corrupting influences by seeking out qualified applicants who can successfully manage their financial affairs and are less susceptible to bribery.)

■ One additional point merits comment. Plaintiff's complaint names each de-

2. *See* complaint ¶ 20.

fendant "individually and as Township Supervisor of Mount Joy Township[3] Given the broad, liberal construction of federal pleading we have assumed that plaintiff seeks recovery from the Township itself as well as from the individually named defendants. As read, we believe that the complaint states a claim against the Township. *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980). However, we do not believe that the Court is required to guess the identity of the defendants from which plaintiff seeks recovery. Hence, within fifteen (15) days from the date of this order, plaintiff shall amend his complaint and name Mount Joy Township as a party defendant *if* that is consonant with his theory of the case.

Finally, having denied defendants' motion to dismiss Count I of the complaint, we likewise deny defendants' motion to dismiss the pendent claims. An appropriate order will issue.