John COFFEY, Plaintiff,

v.

Richard T. QUINN; Donald A. Baumhover; Robert E. Burke; Robert A. Chiszar; Anthony A. Dina, Sr.; Ronald J. Grotovsky; Byron C. Payne, Jr., and Village of Mokena, Defendants.

No. 81 C 4616.

United States District Court, N.D. Illinois, E.D.

Nov. 14, 1983.

Stanley H. Jakala, Berwyn, Ill., for plaintiff.

Alan O. Amos, Richard T. Buck, Collins & Amos, Chicago, Ill., John T. Elsner, James R. Schirott, Samelson, Knickerbocker & Schirott, Itasca, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

GETZENDANNER, District Judge.

This action under 42 U.S.C. § 1983 is before the court on the motion for summary judgment of all defendants except the Village of Mokena ("defendants"). No affidavits and depositions are referred to in the parties' memoranda. Defendants' motion for summary judgment assumes as true the facts as alleged in the Amended Complaint. Those facts are briefly as follows.

Plaintiff John Coffey is a former police sergeant of the Village of Mokena. Defendants are Mokena's President, Richard Quinn, and its Trustees. Coffey claims that Quinn and the Trustees voted on June 22, 1981 to terminate his employment with Mokena. Quinn thereafter had delivered to

Coffey a letter that announced this termination. Coffey alleges that his termination was in retaliation for his exercising his first amendment rights in participating in the Fraternal Order of Police Lodge of Mokena, Illinois.

In their motion for summary judgment, defendants argue simply that they are "immune from suit by reason of the exercise of their legislative responsibilities." (Motion for Summary Judgment.) Coffey counters that the action of Quinn and the Trustees in terminating his employment was an administrative, as opposed to legislative, act, triggering only the good faith, qualified immunities due administrative activity. Since the Amended Complaint alleges bad faith, Coffey continues, summary judgment on this issue is inappropriate at this stage.

■ In *Reed v. City of Shorewood,* 704 F.2d 943 (7th Cir.1983), the Seventh Circuit held that local legislators have absolute individual immunity from § 1983 liability for their "legislative action[s]." *Id.* at 952. This decision, far from deciding the issue now before the court, only begins the inquiry. Immunity questions must be determined not by the labels of the officers whose acts are under scrutiny but by the nature of these acts. *See Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Hampton v. City of Chicago,* 484 F.2d 602, 608, 609 (7th Cir.1973), *cert. denied,* 415 U.S. 917, 94 S.Ct. 1413, 39 L.Ed.2d 471 (1974). In this case, Quinn and the Trustees are alleged to have wrongfully terminated Coffey. The court must determine whether this action is legislative or administrative (or executive) in nature.

*Reed* does not solve this problem, for that case involved local legislators' enactment of an ordinance reducing the number of Class A liquor licenses in the Village of Shorewood from four to three, clearly a legislative act. Courts confronting this issue have formed guidelines for determining whether an act is legislative or administrative. In *Barbaccia v. County of Santa Clara,* 451 F.Supp. 260 (N.D.Cal.1978), defendant city council members, sued for

their participation in zoning decisions regarding plaintiff's land, claimed immunity for their legislative acts. The court explained, however, that

> the actions set forth in the complaint do not involve the promulgation of legislation of a general or prospective nature, rather, they depict discretionary determinations with respect to a single parcel of land.

*Id.* at 267 (concluding such decisions merit qualified immunity). Consistent with this description of a legislative act is the test outlined by the court in *Three Rivers Cablevision v. City of Pittsburgh,* 502 F.Supp. 1118 (W.D.Pa.1980). There, plaintiff bidder for a city cable television contract claimed the city council's failure to award him the contract violated his civil rights. The municipal city council defendants asserted absolute legislative immunity as a defense to plaintiff's action, while plaintiff asserted the council acted in an administrative or executive capacity. The court first noted that the act in question was "the adoption by council of the resolution authorizing the award of the contract to Warner [not the plaintiff]." *Id.* at 1135. The court then explained that

> Legislative acts are said to be broad, general policy statements establishing guidelines by which the future conduct of an entire group of persons falling within a particular classification will be judged. [Citation omitted.] By contrast, executive or administrative acts in this context generally consist of the application of legislation to specific situations. [Citation omitted.] Thus, ... while an amendment of a local zoning provision having application to all property within a certain district was a legislative act, the denial of a variance under that legislation to a particular individual was an administrative act. Likewise, the Supreme Court recently held that the promulgation of ethical rules by a state supreme court was a legislative act, whereas the enforcement of those rules by the court was not legislative and thus could not be defended on the basis of immuni-

ty. *Supreme Court of Virginia v. Consumers Union,* 446 U.S. 719 [100 S.Ct. 1967, 64 L.Ed.2d 641] . . . (1980). *Id.* at 1136. Given this standard, the court held that the council's action was not legislative, regardless of the fact that it was accomplished by "resolution," involving as it did the application to a specific situation of broad policies already enunciated. *Id.*[1] Finally, in *Adler v. Lynch,* 415 F.Supp. 705 (D.Neb.1976), plaintiff complained that local officials, among whose duties included the enactment of local ordinances, violated her constitutional rights by their decisions with respect to her zoning variance. The court held that their actions in determining the merits of plaintiff's case were

> distinguishable from the type of judgment and discretion exercised by judges and legislators who enjoy absolute immunity under § 1983 because they must conceive public policy from the myriad policy options open to the sovereign [citations omitted] and similar in significant respects to the type of discretion exercised by executive officials who have a more limited jurisdiction, and, must confine their discretion to matters which are more or less specifically defined within the state's public policy.

*Id.* at 712.

Many cases exist in which local legislators apply already enacted ordinances or already recognized policies to specific instances. The court is aware of few cases involving facts similar to those now before it. Defendants claim that *Goldberg v. Village of Spring Valley,* 538 F.Supp. 646 (S.D.N.Y.1982), is such a case that supports its argument that Coffey's discharge was legislative in character. A close reading of the case reveals that it did not decide whether a termination was legislative or administrative. In *Goldberg,* plaintiff Irving Goldberg was an Assistant Village Attorney for the Village of Spring Valley and plaintiffs Stuart Goldberg and Hyman Co-

hen were employed by the Spring Valley Urban Renewal Agency ("SVURA"). A new village administration, which all three plaintiffs had opposed, was elected. The new mayor, with the approval of his board of trustees, terminated Irving Goldberg from his position. In addition, the board of trustees authorized the transfer of all SVURA funds to the village, thereby eliminating the positions held by Cohen and Stuart Goldberg. The board of trustees moved to dismiss the allegations against them, claiming legislative immunity. The mayor did not so move, hence the application of immunity to his action in terminating Irving Goldberg was not before the court. The acts of the trustees complained of were "the creation of the Department of Housing and Community Development, the transfer of the funds and programs of [SVURA to the village], and the approval of the appointments of individuals to positions that performed the duties previously performed by plaintiffs." *Id.* at 650. The court held these actions to be clearly legislative, as "reflecting policy objectives." *Id.* The dismissals in question were actually those necessitated by program funding changes.

Another dismissal case, *Wells v. Hutchinson,* 499 F.Supp. 174 (E.D.Tex.1980), held that a defendant's actions in terminating plaintiff's employment was legislative. *Id.* at 185 n. 7. There, plaintiff's termination was caused by a loss of funding for the program in which he was employed, not through a simple firing, and hence, as in *Goldberg,* reflected policy objectives that were clearly legislative in character.

Plaintiffs point to the more apposite case of *Detz v. Hoover,* 539 F.Supp. 532 (E.D.Pa. 1982), in which plaintiff former police officer claimed that two township supervisors' failure to second his application for reinstatement ·constituted discrimination against him because he had filed for bank-

---

**1.** *See Jacobson v. Tahoe Regional Planning Agency,* 558 F.2d 928, 943–944 (9th Cir.1977), *modified on other grounds,* 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979) (adoption of ordinances seen as legislative while enforcement of ordinances seen as executive); *e.g., Riccobono v. Whitpain Township,* 497 F.Supp. 1364, 1376 (E.D.Pa.1980) (defendants' alleged arbitrary refusal to grant building permits seen as administrative).

ruptcy. Plaintiff there sought to hold these supervisors personally liable under § 1983 for violation of his constitutional rights. The *Detz* defendants claimed that their actions were legislative and absolutely immune, while plaintiff argued their actions were administrative and not immune. At the time of the decision, the law in that circuit was undecided as to whether local legislators enjoyed absolute or qualified personal immunity. The court agreed with plaintiff that it was unnecessary to determine the extent of local legislators' immunity from personal liability, since the facts before the court indicated defendants had exercised their administrative powers:

> [W]hether defendants' failure to rehire plaintiff was an administrative or a legislative function does not admit to facile resolution. However, we believe that a municipality's employment decisions, whether they regard hiring, firing, or a failure to reinstate, are essentially *administrative* in nature, this notwithstanding the fact that a legislative body is the responsible decisionmaker.

*Id.* at 534 (emphasis original) (citing *Gorman Towers, Inc. v. Bogolslavsky*, 626 F.2d 607, 613 n. 7 (8th Cir.1980)). In *Gorman Towers*, the Court held that municipal legislators are entitled to absolute immunity for their legislative acts, but noted in a footnote that an unconstitutional discharge was an administrative act. 626 F.2d at 613 n. 7.

Defendants argue that *Detz* does not control here, since the Third Circuit, unlike the Seventh, does not recognize absolute legislative immunity. This point, however, is irrelevant to the issue before the court. The *Detz* court claims it did not have to decide whether legislators merited absolute immunity from personal liability, since the acts in question were not legislative. In any case, *Gorman Towers*, also describing an unconstitutional dismissal as administrative, held that local legislators are entitled to absolute immunity from personal liability for legislative actions.

■ The court is persuaded that the alleged actions of Quinn and the Trustees in terminating Coffey may be shown to be administrative in character. Following the general tests that distinguish legislative from executive or administrative acts, this termination did not involve the promulgation of general or prospective legislation or establish guidelines by which the future conduct of certain groups is to be judged. Rather defendants applied some local policy or ordinance specifically to Coffey's case. Specific cases most on point, notably the *Detz* case, support this court in finding that Coffey's termination was not clearly legislative, but may indeed be shown to have been an administrative act.

Municipal decisionmakers passing on administrative questions possess qualified good faith immunity, not absolute immunity. *See Wood v. Strictland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975); *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Williams v. Anderson*, 562 F.2d 1081, 1101 (8th Cir. 1977). As Coffey has alleged bad faith (a question of fact) and no evidence is now before the court on whether defendants' activities were conducted in good or bad faith, defendants' motion for summary judgment is denied.

It is so ordered.