In re Bruce C. **ANDERSON,** Sharon L. **Anderson,** Debtors.

Bruce C. **ANDERSON,** Plaintiff,

v.

Caspar W. **WEINBERGER,** Secretary of Defense of the United States, **Defendant.**

Bankruptcy No. 85–02149–A.
Adv. No. 86–0290–A.

United States Bankruptcy Court, E.D. Virginia, Alexandria Division.

April 12, 1988.

John C. Somers, Woodbridge, Va., for debtor Bruce C. Anderson.

S. David Schiller, Asst. U.S. Atty., Richmond, Va., for defendant Caspar W. Weinberger, Secretary of Defense, U.S.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Chief Judge.

This adversary proceeding comes before the Court upon the Motion of the defendant United States for Summary Judgment on the complaint filed by the debtor, Bruce C. Anderson, a corporal in the United States Marine Corps stationed at Quantico, Virginia. Anderson alleges that the Marine Corps wrongfully discriminated against him as a consequence of his filing a petition in bankruptcy under chapter 7 of the Bankruptcy Code (11 U.S.C. § 101 et seq.) in violation of 11 U.S.C. § 525.[1] Anderson sought an injunction restraining the defendant "from refusing to grant plaintiff advancement and continued service in the Marine Corps."

The gravamen of the debtor's complaint is the alleged effect of a letter of indebtedness sent by one of the debtor's creditors to the Commanding General at Quantico. This letter complained about the Andersons' alleged failure to make timely mortgage payments on their residence, as well as their alleged failure to vacate that residence while in bankruptcy. The debtor contends that as a result of this letter he has been and, in the future, may be denied promotion or otherwise wrongfully discriminated against in his employment as a Marine. He contends further that the Marine Corps will not permit him to re-enlist at the expiration of his current active obligated service term.

The United States timely filed its answer denying the debtor's allegations. Subsequently, the United States filed its Motion for Summary Judgment with supporting affidavits. The debtor filed a response to this Motion, but did not file any counter-affidavits.

A review of the record, as established by the affidavits and service record summary filed with the Court, reveals no dispute about any material fact concerning the debtor's service in the Marine Corps, his failure to be promoted, and his prospects for retention. The facts concerning his employment are documented in the debtor's

---

**1.** Section 525 provides, in pertinent part:

(a) Except as provided ... a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act, or another person with whom such bankrupt or debtor has been associated, *solely* because such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act (emphasis provided).

service record (as summarized in the affidavit of Lt. Vollenweider) and the affidavits of Majors Burnette and Churchill, the debtor's former and current commanding officers. In summary, Corporal Anderson's service record shows a persistent pattern of substandard performance.

The debtor's last promotion was in 1980. He has been passed over ever since, and the record clearly establishes sufficient and proper reasons for denying the debtor promotion or reenlistment unrelated to his having filed bankruptcy. The record reflects that he has been placed in the Marine Corps Weight Control Program and the Military Appearance Program on several occasions. Both poor physical condition and poor military appearance are sufficient reasons for nonpromotion. He has been counseled repeatedly over the past several years on the need to keep his personal affairs in order and on the impact his personal problems have had on his unit and his duty performance. Specifically, he has been counseled repeatedly for poor military appearance, substandard performance, unauthorized absence, poor attitude, failure to obey orders, and persistent financial irresponsibility. Corporal Anderson has been awarded nonjudicial punishment on three separate occasions since his last promotion for violations of the Uniform Code of Military Justice, including disobedience of a lawful order and wrongful appropriation of funds entrusted to his care. The record shows he has been sufficiently apprised that retention and promotion are directly related to the quality of his performance.

The record is void of any evidence that the Marine Corps has taken any administrative or disciplinary action against Corporal Anderson based on his failure to pay just debts, his filing for bankruptcy, or the action described in the creditor's letter to the Commanding General at Quantico. On the contrary, the affidavits quite clearly establish that no adverse actions have been taken concerning the debtor's employment in the Marine Corps as a result of his having filed a petition in bankruptcy. The debtor's complaint that he was not promoted because of the bankruptcy is without substance.

The record does show that the debtor's immediate superior counseled him about "financial irresponsibility". This Court does not find improper, however, the Marine Corps' consideration of the circumstances that led to the debtor's bankruptcy petition when arriving at future promotion or retention decisions. We find analogous to the present case those decisions involving the hiring and firing of police officers. Courts have concluded that for police jobs consideration of the fact of prior bankruptcy was lawful. See *Marshall v. District of Columbia Government*, 559 F.2d 726, 729 (D.C.Cir.1977); *Detz v. Hoover*, 539 F.Supp. 532 (E.D.Pa.1982).

The *Marshall* and *Detz* courts reached a common sense result by considering the demands placed on a government employee. The need to guard against possible corruption is nowhere greater than in the military. A service member susceptible to bribery and corruption because he has placed himself in dire financial straits may present a risk to national security. It is well settled that the Department of the Navy is not immune from such corruption. A breach of security by a corrupt military member could endanger many lives. Given the gravity of the danger, no reasonable person can claim that a person's private financial history could not be properly examined when promotion or retention decisions are made. Bankruptcy is certainly a part of that history. As a Marine progresses in rank, the possibility for access to important, sensitive information increases. Therefore, a history of personal financial instability or irresponsibility is a proper factor to consider when making promotion or retention recommendations, and such consideration does not violate the antidiscrimination provisions of 11 U.S.C. § 525. See also *In re Curtis Wayne Applegate*, 64 B.R. 448 (Bankr.E.Va.1986) (the military could lawfully deny transfer of a service member to a sensitive position *solely* on the grounds that the service member had filed a petition in bankruptcy grounded in financial responsibility).

As a general rule, courts should ordinarily defer to the military on matters affecting discipline and military functions unless an action has been taken contrary to the Constitution, an applicable statute, or the military's own regulations. Even then, this Court must balance the substance of the allegations against the general policy opposing review of internal military decisions. *See Williams v. Wilson,* 762 F.2d 357, 359 (4th Cir.1985); *Rucker v. Secretary of the Army,* 702 F.2d 966, 969 (11th Cir.1983); and *Mindes v. Seaman,* 453 F.2d 197, 199 (5th Cir.1971). It is well established that courts must keep in mind that they are ill-equipped to determine the impact upon discipline that a particular intrusion upon military authority might have, and that intrusion by the judiciary into what are really military decisions or activities must be avoided because that impermissibly interferes with functions the Constitution commits to other branches of the government. *Chappell v. Wallace,* 462 U.S. 296, 305, 103 S.Ct. 2362, 2368, 76 L.Ed.2d 586 (1983). *See also Goldman v. Weinberger,* 475 U.S. 503, 106 S.Ct. 1310, 89 L.Ed.2d 48 (1986); *Gilligan v. Morgan,* 413 U.S. 1, 8, 93 S.Ct. 2440, 2444, 37 L.Ed.2d 407 (1973); *Orloff v. Willoughby,* 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953). Judicial review in this area has been said to be "the narrowest known to the law." *Negre v. Larsen,* 418 F.2d 908 (9th Cir.1969), *aff'd sub nom. Gillette v. United States,* 401 U.S. 437, 91 S.Ct. 828, 28 L.Ed.2d 168 (1971).

Federal courts have uniformly declined to order promotions or to order relief beyond a current enlistment. *See Maier v. Orr,* 754 F.2d 973, 983–84 (Fed.Cir.1985); *Heisig v. United States,* 719 F.2d 1153 (Fed.Cir.1983). Further, there exists no property or liberty interest in a military promotion. *Blevins v. Orr,* 721 F.2d 1419, 1421–22 (D.C.Cir.1983). In this case, the Court's reluctance to intrude into matters of military promotion not only is appropriate but required. The debtor seeks relief for alleged employment discrimination he fears will occur in the future. Consideration of future personnel decisions concerning Corporal Anderson would interfere with the most basic and important of military functions: to determine who is best qualified to assume positions of responsibility, trust and leadership.

The debtor is also not entitled to relief concerning his future promotion or retention because such action is not ripe. It "involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." 13A Wright, Miller and Cooper, *Federal Practice and Procedure,* § 3532 at 112 (1984); *United States ex rel. Ricketts v. Lightcap,* 567 F.2d 1226, 1233 (3d Cir.1977). Ripeness exists only if the alleged *injury* has "matured sufficiently to warrant judicial intervention." *Pacific Legal Foundation v. State Energy Resources Commission,* 659 F.2d 903, 915 (9th Cir.1981), *aff'd* 461 U.S. 190, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983).

The debtor's claim has not ripened because he has not alleged an injury that has occurred or is certain to occur. He has not come up for promotion since filing his petition. Indeed, in order to find an injury deserving of redress at this time, the Court would be forced to predict that the debtor will remain in the Marine Corps beyond his current term of active obligated service. Any future recommendations for or against his promotion or retention will consider numerous factors, including, but not limited to, his military appearance, his past performance, his potential as a leader and military technician, his financial responsibility, his ability to work with others, and his disciplinary history. If he were to request separation from the Marine Corps, or not request re-enlistment at the appropriate time, any purported "right" to promotion or retention would be extinguished and the claim against the defendant would become moot.

For the foregoing reasons, the government's Motion for Summary Judgment is granted and the debtor's complaint is dismissed with prejudice.

An appropriate order shall issue.