**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 27 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

GARY KAMPLAIN,

      Plaintiff - Appellee,

v.

CURRY COUNTY BOARD OF
COMMISSIONERS; FRANK H.
BLACKBURN; PAUL D. BARNES;
DARREL BOSTWICK; JOHNNY
CHAVEZ; and JOEL DAVID
SNIDER,

      Defendants - Appellants,

and

MIKE JACKSON, Sheriff, and MATT
MURRAY, Chief Deputy,

      Defendants.

No. 97-2144

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CIV-96-1298-M)

---

Emily A. Franke (James P. Lyle with her on the briefs) of Butt, Thornton &
Baehr, P.C., Albuquerque, New Mexico, for Defendants-Appellants.

Kenneth C. Downes of Kenneth C. Downes & Associates, P.C., Albuquerque,
New Mexico, and Stephen G. French, Albuquerque, New Mexico (Christopher L.

Harlos of Kenneth C. Downes & Associates, P.C., Albuquerque, New Mexico, with them on the brief), for Plaintiff-Appellee.

_____

Before **PORFILIO, McKAY,** and **BRORBY**, Circuit Judges.

_____

**McKAY,** Circuit Judge.

_____

This civil rights action arose from the actions taken by the Curry County Board of Commissioners in August 1996. Plaintiff Mr. Gary Kamplain attended a Curry County Commission public hearing on August 6, 1996, at which he represented his employer, Tom Growney Equipment, Inc., in the awarding of bids. Plaintiff was removed from the public hearing after he protested the Board's award of a bid to a competitor of his employer. At the regularly scheduled Board meeting on August 20, 1996, the Board voted to ban Plaintiff from all future Commission meetings. The Board notified Plaintiff and his employer of its action by letter. After receiving a letter of complaint from Plaintiff's attorney, the Curry County Attorney sent a letter dated August 27, 1996, to Plaintiff's attorney informing Plaintiff that, while he could attend Commission meetings, he would not be permitted to speak before or participate in discussions with the Board.

Plaintiff filed this 42 U.S.C. § 1983 action for injunctive relief and damages in which he alleged that his First Amendment right to free speech was

violated.[1]  Defendants, the Board and individual members of the Board,[2] filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss on grounds of absolute legislative immunity.  Defendants appeal the district court's denial of their motion to dismiss.  In addition, the district court retained jurisdiction pending this appeal after certifying that the appeal was frivolous.  See United States v. Hines, 689 F.2d 934, 936-37 (10th Cir. 1983).  Citing the district court's certification of Defendants' appeal as frivolous, Plaintiff moves this court for damages and costs pursuant to Federal Rule of Appellate Procedure 38.

We have jurisdiction to address whether Plaintiff's claims are barred by absolute legislative immunity because the district court's denial of immunity "turns on an issue of law," and, therefore, it "is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291."  Mitchell v. Forsyth, 472 U.S. 511, 530 (1985).  We review *de novo* the decision of the district court denying a motion to dismiss based on absolute immunity.  See id.; Gagan v. Norton, 35 F.3d 1473, 1475 (10th Cir. 1994), cert. denied sub nom. Ritz v. Gagan, 513 U.S. 1183 (1995).  Because the district court denied a Rule 12(b)(6) motion to dismiss, we

---

[1]Plaintiff also alleged violations of the New Mexico Tort Claims Act and the New Mexico Open Meeting Act, pendent state claims which we do not address here.

[2]The individual members of the Board are Frank H. Blackburn, Paul D. Barnes, Darrel Bostwick, Johnny Chavez, and Joel David Snider.  Although the sheriff and the deputy sheriff who removed Plaintiff from the meeting were also sued, they do not appeal the immunity issue before us.

-3-

confine our review to the allegations set forth in the complaint, accept all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in Plaintiff's favor.  See Gagan, 35 F.3d at 1475.

The concept of legislative immunity is well established in this circuit, see, e.g., Fry v. Board of County Comm'rs, 7 F.3d 936, 942 (10th Cir. 1993), and the Supreme Court recently confirmed that, like their federal, state, and regional counterparts, "[l]ocal legislators are entitled to absolute immunity from § 1983 liability for their legislative activities." Bogan v. Scott-Harris, __ U.S. __ , 118 S. Ct. 966, 972 (1998); see also U.S. Const. art. 1, § 6 (Speech or Debate Clause); Lake Country Estates, Inc. v. Tahoe Reg'l Planning Agency, 440 U.S. 391, 404-05 (1979) (extending immunity rule to regional legislators); Tenney v. Brandhove, 341 U.S. 367, 378-79 (1951) (holding that state legislators were absolutely privileged in their legislative acts).  The Supreme Court, however, "has been careful not to extend the scope of [legislative immunity] protection further than its purposes require," Forrester v. White, 484 U.S. 219, 224 (1988), and the government official seeking immunity bears the burden of showing that an exemption from personal liability is justified.  See id.  Legislative immunity thus extends to legislators only when they are acting "in the sphere of legitimate legislative activity." Tenney, 341 U.S. at 376.

In order to determine whether Defendants should be cloaked in legislative

immunity, we look to the function that the Board members were performing when the actions at issue took place, see Forrester, 484 U.S. at 224, and we examine the nature of those actions. See Bogan, 118 S. Ct. at 973 ("Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it."); see also Cinevision Corp. v. City of Burbank, 745 F.2d 560, 579 (9th Cir. 1984) ("The critical concern in our inquiry [is] the nature of the action on which the vote was taken."), cert. denied, 471 U.S. 1054 (1985). "'The essentials of the legislative function are the determination of the legislative policy and its formulation and promulgation as a defined and binding rule of conduct.'" Cinevision, 745 F.2d at 580 (quoting Yakus v. United States, 321 U.S. 414, 424 (1944) (holding that Emergency Price Control Act of 1942 did not unconstitutionally delegate the legislative power of Congress)); see also Prentis v. Atlantic Coast Line Co., 211 U.S. 210, 226 (1908) ("Legislation . . . looks to the future and changes existing conditions by making a new rule, to be applied thereafter to all or some part of those subject to its power."). Further, legislative actions must be done "'in relation to the business before'" the legislative body. Powell v. McCormack, 395 U.S. 486, 502 (1969) (quoting Kilbourn v. Thompson, 103 U.S. 168, 204 (1881)); see also Fry, 7 F.3d at 942 (upholding district court finding that "'the legislative process was at work'" in the challenged action). Thus, the Supreme Court has instructed us, in admittedly differing contexts, that,

at its core, the legislative function involves determining, formulating, and making policy.

We are not persuaded by the approach taken by some of our sister circuits in determining legislative capacity or function. These courts rest their analysis on the number of persons affected by a legislative body's decision. See Ryan v. Burlington County, N.J., 889 F.2d 1286, 1291 (3d Cir. 1989) ( "Where the decision affects a small number or a single individual, the legislative power is not implicated, and the act takes on the nature of administration."); Haskell v. Washington Township, 864 F.2d 1266, 1278 (6th Cir. 1988) (noting, in the context of a zoning action, that if "'the action single[s] out specifiable individuals and affect[s] them differently from others, it is administrative'" (citations omitted)). But see Acierno v. Cloutier, 40 F.3d 597, 610 (3d Cir. 1994) (stating that numbers inquiry in Ryan is not conclusive test for determining what is legislative or administrative). Other courts have limited immunity to functions involving legislative speech and debate, voting, preparing committee reports, conducting committee hearings, and other "integral steps in the legislative process." Bogan, 118 S. Ct. at 973; see, e.g., Hansen v. Bennett, 948 F.2d 397, 402 (7th Cir. 1991), cert. denied, 504 U.S. 910 (1992).

Not all actions taken at a legislative meeting by a local legislator are legislative for purposes of immunity. See Roberson v. Mullins, 29 F.3d 132, 134

-6-

(4th Cir. 1994); accord Brown v. Griesenauer, 970 F.2d 431, 437 (8th Cir. 1992) (holding that impeachment proceedings are essentially judicial or adjudicatory in nature despite legislative decision-making body and form of proceedings); Hansen, 948 F.2d at 402-03 (holding that mayor was not acting in a legislative capacity when he restored order and regulated discussions at a public meeting); Cinevision, 745 F.2d at 580 (holding that city councilperson's vote to disapprove plaintiff's proposed concerts at city amphitheater was an executive, not a legislative act); Detz v. Hoover, 539 F. Supp. 532, 534 (E.D. Pa. 1982) (holding that a municipality's employment decisions are "essentially administrative in nature" (emphasis omitted)). Nor does voting on an issue, in and of itself, determine that the act is legislative in nature. See Smith v. Lomax, 45 F.3d 402, 406 (11th Cir. 1995); Roberson, 29 F.3d at 134 n.3; Cinevision, 745 F.2d at 580. "Whether actions . . . are, in law and fact, an exercise of legislative power depends not on their form but upon 'whether they contain matter which is properly to be regarded as legislative in its character and effect.'" INS v. Chada, 462 U.S. 919, 952 (1983) (citation omitted); accord Roberson, 29 F.3d at 135; Chicago Miracle Temple Church, Inc. v. Fox, 901 F. Supp. 1333, 1343-44 (N.D. Ill. 1995).

At issue here is not the Board's ejection of Plaintiff from the public meeting but its vote to ban Plaintiff from all future Commission meetings and its

subsequent decision to prohibit Plaintiff from participating in or speaking before the Board at Curry County Commission meetings.[3] After considering the function and character of the Board's actions, we conclude that its ban of Plaintiff from attending Commission meetings and its subsequent decision to prohibit Plaintiff from speaking at or participating in meetings were administrative acts. Because the circumstances of this case did not concern the enactment or promulgation of public policy, we cannot say that the bans were related to any legislation or legislative function. The Board's decisions to ban Plaintiff were simply efforts to monitor and discipline his presence and conduct at future Commission meetings. In voting to censure Plaintiff and prevent him from disrupting future public meetings,[4] the Board members were not voting on, speaking on, or investigating a

---

[3]It is unclear from the record whether the Board's decision to allow Plaintiff to attend the Commission meetings while prohibiting his participation or speech at those meetings was the result of a separate Board meeting and vote. The record also does not indicate whether the Board conducted any legislative business at the meeting in which it decided to ban Plaintiff's attendance. Even if the meeting or meetings were partially legislative in nature, that fact alone does not determine whether the decisions to ban Plaintiff from attending, participating, and speaking at Commission meetings were legislative in nature. See Forrester, 484 U.S. at 223-24; see also Hansen, 948 F.2d at 402 n.12, 404 (relying on fact that city council meeting included mixture of legislative, executive, and administrative functions to determine that mayor was not entitled to legislative immunity).

[4]We point out that our inquiry into the nature of the acts at issue in this case, and the function of the Board members in committing those acts, does not conflict with the long-held principle that a legislator's or legislature's motive is not a proper consideration for legislative immunity. See United States v.

(continued...)

-8-

legislative issue.  See Hansen, 948 F.2d at 403.  Even though the Board may have acted during a "regularly scheduled meeting," we hold that the Board did not commit these acts in a legislative capacity; the acts were of an administrative nature.

Further, even if we accept Defendants' claim that the Board acted in relation to the business of awarding bids,[5] we believe that the function of awarding of bids is essentially an administrative or executive function.  Awarding bids and purchasing county property are actions whereby the Board applies known rules and legislation to make an administrative business decision.  Accord Cinevision, 745 F.2d at 580 (holding that city councilperson's voting on proposed concerts constituted administration of its contract with Cinevision); Fox, 901 F. Supp. at 1343-44 (holding that village board vote to authorize purchase offer for property was not legislative act because it was not an enactment or promulgation of public policy); Lacorte v. Hudacs, 884 F. Supp. 64, 70-71 (N.D.N.Y. 1995)

_____

[4](...continued)
Brewster, 408 U.S. 501, 526 (1972); Tenney, 341 U.S. at 378; accord Fry, 7 F.3d at 942.  Moreover, we do not express an opinion on whether the Board's actions to prevent or curtail Plaintiff's actions or speech during a public Commission meeting are constitutionally valid.

[5]We doubt that the Board's actions were more than incidentally related to legislative business, see Hansen, 948 F.2d at 403, and we emphasize that legislative immunity "does not prohibit inquiry into activities that are casually or incidentally related to legislative affairs but not a part of the legislative process itself." Brewster, 408 U.S. at 528.

-9-

(concluding that adoption of resolution denying contract to alleged low-bidders was more properly characterized as an administrative act); Three Rivers Cablevision, Inc. v. City of Pittsburgh, 502 F. Supp. 1118, 1136 (W.D. Pa. 1980) (holding that city council vote to award competitively bid contract "was clearly an administrative act"); cf. Rateree v. Rocket, 852 F.2d 946, 951 (7th Cir. 1988) (holding that vote on city budget constituted act in commissioners' legislative capacity).

Thus, because Defendants were acting in an administrative capacity when they banned Plaintiff's attendance, participation, and speech at Commission meetings, they are not entitled to absolute legislative immunity. "[W]e cannot see how [Defendants'] independence as . . . legislator[s]–[their] ability to vote and speak freely on legislative matters–is implicated" by the decision to ban an individual from participating and speaking in a Curry County Commission public meeting. Hansen, 948 F.2d at 404. For these reasons, we affirm the district court's denial of the motion to dismiss.[6]

AFFIRMED.

---

[6]We also deny Plaintiff's motion for costs and damages pursuant to Federal Rule of Appellate Procedure 38. An appeal is not frivolous where the issue of absolute legislative immunity, together with the particular facts and context of the case, has not been previously analyzed by this court. Defendants have not appealed the district court's frivolousness certification and retention of jurisdiction.